(No. 75-CV-169—)

Vernon J. Pizano, Claimant, vs. State of Illinois, Respondent.

*Opinion filed April 15, 1975.*

Vernon J. Pizano, Claimant, pro se.

William J. Scott, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on July 13, 1974, at 12:00 midnight, at 925 West Carmen, Chicago, Illinois. Vernon J. Pizano, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereinafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Vernon J. Pizano, age 20, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Battery," *Ill. Rev. Stat., 1973, Ch. 38, §12-3).*

2. That on July 13, 1974, claimant was injured by the janitor of an apartment building where claimant was looking for a friend. The janitor struck the claimant on the mouth with a board. The offender, James H. Espy, was convicted of battery in Branch 5 of the Cook County Criminal Court on September 17, 1974. (Case #1192427)

3. That statements, taken by police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack

upon him by James Espy, the janitor of the apartment building where the attack occurred.

4. That the victim was treated by a dentist as a result of the injuries he received in the attack. The claimant refused hospitalization. A further and more detailed summary of the facts considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

7. That the claimant was employed at the time of his injury, but that since no work was missed as a result of the injury, no claim was made for loss of income.

8. That the claimant incurred dental expenses which were not covered by insurance benefits. The total amount of the pecuniary loss for these items is as follows:

Dentist Fees—Dr. Stephen A. Meler (Oak Brook, Illinois) . . . . $1,515.00

9. That there is no evidence that claimant has received or will receive any compensation from local, state or federal funds, insurance of any kind, or from any other source.

10. Pursuant to §7(d) of the Act, the Court must deduct the first $200.00 of expenses.

11. That the proof submitted in support of this claim satisfies all of the requirements of this Act, and the claim is therefore compensable thereunder.

It Is Hereby Ordered that the total sum of $1,315.00 be awarded to the claimant, an innocent victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred and Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of the award, and that the balance of the award due to the claimant in the sum of $315.01 be referred forthwith to the General Assembly for its approval.